```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  SARALYN. M. ANG-OLSON, SBN 197404
    Special Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2803
 5  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $21,343.00 in U.S. CURRENCY, ET AL.,<br><br>  Defendants. | **2:08-CV-03063-MCE-DAD**<br><br>**JOINT STATUS REPORT, STIPULATION FOR STAY, AND ORDER**<br><br>DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |

Plaintiff United States of America ("Plaintiff") and claimants Bang Thai Tang ("Tang"), Joanne Tseng ("Tseng"), Liang Yong Ming ("Ming"), and Yin Shao Liang ("Liang") submit the following Joint Status Report, Stipulation for Stay, and Order [Proposed] in accordance with the Court's Order Requiring Joint Status Report in this matter.

**A.  Brief Summary of Claims.**

Plaintiff alleges in the Verified Complaint for Forfeiture In Rem ("Verified Complaint") that the defendant Approximately $21,343.00 in U.S. Currency ("defendant funds") are forfeitable

1

to the United States because they are things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violated of 21 U.S.C. § 841 *et seq.* and/or are proceeds traceable to such an exchange. Alternatively, Plaintiff alleges in the Verified Complaint that the defendant funds are forfeitable to the United States because their transport from China into the United States and subsequent receipt in the United States from China were not reported under 31 U.S.C. § 5316(a).

Plaintiff further alleges in the Verified Complaint that defendant one 2006 Lexus GX470 – VIN: JTJBT20X160112420, California License Plate Number: 5TMF645 ("defendant Lexus") is forfeitable to the United States because it was used to facilitate drug-trafficking in violation of 21 U.S.C. § 841 *et seq.*

Plaintiff further alleges in the Verified Complaint that defendant one 2008 Ducati Motorcycle Monster 695 -- VIN: ZDM1RADM38B109439, California License Plate Number: 19C2435 ("defendant Ducati") is forfeitable to the United States because it was a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841 *et seq.* and/or constitutes proceeds traceable to such an exchange.

Liang claims ownership of $2,700 of defendant funds; Tang claims ownership of $667 of defendant funds and defendant Ducati; Ming and Tseng claim ownership of defendant Lexus and defendant funds (less $2,700 and $667 being claimed by Liang and Tang, respectively). John Balazs ("Balazs"), counsel for claimants,

2

requested an extension of time until April 3, 2009, to file the answers of claimants Liang, Tang, Ming and Tseng,to which request the Plaintiff has agreed.

**B.  Status of Service on Defendant and Potential Claimants.**

The Warrant and Summons for Arrest <u>In</u> <u>Rem</u> issued in this matter on December 18, 2008 was served on defendant funds on December 22, 2008, and on defendants Lexus and Ducati on January 7, 2009.

All individuals known or suspected of having an interest in the defendant assets have been served.  In addition, plaintiff published notice of this forfeiture action on the official government site, www.forfeiture.gov for at least 30 consecutive days, beginning December 22, 2008.  No further service or publication is contemplated.

**C.  Possible Joinder of Additional Parties.**

The parties do not anticipate the joinder of additional parties.

**D.  Contemplated Amendments to the Pleadings.**

None contemplated.

**E.  Statutory Basis for Jurisdiction and Venue.**

This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355(a), and venue pursuant to 28 U.S.C. §§ 1355(b) and 28 U.S.C. § 1395.

//
//
//
//
//

**F. Anticipated Discovery and the Scheduling of Discovery, Including Items F(1) Through F(5) Below:**

**(1) What changes, if any, in the Rule 26(a) disclosures and the date on which Rule 26(a)(1) disclosures will be made**:

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions. See Fed. R. Civ. P. 26(a)(1)(B)(ii).

In addition, with respect to non-retained expert witnesses only,[1] the parties stipulate that for purposes of Rule 26(a)(2) requiring the production of a written report, the reports created by the various law enforcement officers, fingerprint experts, chemists, etc. during the course of their criminal investigation will satisfy all the Rule 26(a)(2)(B) requirements.

If either party retains or specially employs an individual to provide expert testimony, that party will identify the expert and produce a report that complies with Rule 26(a)(2)(B).

**(2) The subjects on which discovery will be needed; when discovery should be completed, and whether discovery should be conducted in phases**: See Paragraph F(5) herein.

**(3) What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed**: The parties anticipate staying within the limitations imposed under the Civil Rules, but

---

[1] This includes, for example, a law enforcement officer who forms opinions based on his/her training and experience during the course of his/her investigation, or a chemist employed by a local, state, or federal law enforcement agency who analyzes controlled substances.

4

if additional discovery is needed, the parties will attempt to stipulate to additional discovery, with the approval of the court.

**(4) Timing of disclosure of expert witnesses and information required by Rule 26(a)(2)**: Not applicable at this time, given the parties' stipulation to and request for a stay of the proceedings until the close of the criminal case. See Paragraph F(5) herein.

**(5) Proposed Dates for Discovery Cut-off**: Pursuant to 18 U.S.C. § 981(g)(1), 18 U.S.C. § 981(g)(2), and 21 U.S.C. § 881(i), the United States and claimants have agreed to and hereby request a stay of further proceedings in this case.

The United States intends to depose all claimants since they have filed claims in this matter, in order to discover further the nexus between the property they claim is theirs and the violations alleged, as well as claimants' knowledge of such violations. If discovery proceeds, Tang, who is being prosecuted in United States v. Bang Thai Tang, et al., Case No. 2:08-R-0342-MCE, would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to protect his alleged interest in the defendant assets, or waiving his Fifth Amendment rights and submitting to depositions, thereby potentially incriminating himself in the pending and related criminal matter. If Tang as a claimant invokes his Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claim he filed in this action and the defenses he may raise in any Answer he files.

In addition, Tang as claimant in this action is expected to attempt to depose law enforcement officers who were involved in the drug-trafficking investigation that resulted in the seizure of the defendant assets. Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal prosecution of Tang.

Accordingly, both the United States and claimants agree that proceeding with this action at this time has potentially adverse effects on the prosecution of the related criminal case and/or upon Tang's ability to prove his claim to the defendant assets and to contest the Unites States' allegations that the defendant assets are forfeitable. For these reasons, the parties hereby request that this matter be stayed until the close of Tang's criminal case, at which time the parties will advise the Court whether a further stay is necessary.

**G. Proposed Date by Which All Non-discovery Motions Shall Be Filed.**

Not applicable at this time, given the parties' stipulation to and request for stay of the proceedings until the close of the criminal case. See Paragraph F(5) herein. However, by agreeing to a stay of the civil action for reasons related to civil discovery and the ongoing prosecution of a related criminal case, the United States does not relieve any of the claimants from filing an Answer in this action by the agreed upon date of April 3, 2009 as noted in Paragraph A herein. In any failure to do so, the United States intends to seek entry of default as to that claimant.

//

**H.  Proposed Dates for Final Pretrial Conference and Trial.**

Not applicable at this time, given the parties' stipulation to and request for a stay of the proceedings until the close of the criminal case. See Paragraph F(5) herein.

**I.  Estimate of Days of Trial, and Whether Any Party Has Demanded a Jury Trial.**

No Answer has been filed yet.

**J.  Appropriateness of Special Procedures or Agreement to Try the Matter Before a Magistrate Judge Pursuant to 28 U.S.C. § 636(c).**

Not applicable.

**K.  Proposed Modification of Standard Pretrial Procedures.**

Not applicable at this time, given the parties' stipulation to and request for a stay of the proceedings until the close of the criminal case. See Paragraph F(5) herein.

**L.  Whether the Case Is Related to Any Other Case, Including Any Matters In Bankruptcy.**

United States v. Bang Thai Tang, et al., Case No. 2:08-R-0342-MCE. A Notice of Related cases was filed on December 29, 2008.

**M.  Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled.**

Since no discovery has been conducted, the parties do not know whether a settlement is possible. The parties do not request that a settlement conference be scheduled at this time.

//
//
//

**N. Any Other Matters That May Add to the Just and Expeditious Disposition of This Matter, Including Whether Counsel Will Waive Any Disqualification and Stipulate to the Trial Judge Acting as a Settlement Judge.**

None at this time. Due to the request by the parties for a stay, this matter will be addressed after the conclusion of the criminal case.

DATED: March 9, 2009           LAWRENCE G. BROWN
                               Acting United States Attorney

                          By:  /s/ Saralyn M. Ang-Olson
                               SARALYN M. ANG-OLSON
                               Special Asst. U.S. Attorney
                               Attorney for Plaintiff

DATED: March 7, 2009
                               /s/ John Balazs
                               JOHN BALAZS
                               Attorney for Claimants
                               Bang Thai Tang, Joanne Tseng,
                               Yin Shao Liang, Liang Yong Ming

                               (Original signature in attorney's file)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. § 981(g)(1), 18 U.S.C. § 981(g)(2), and 21 U.S.C. § 881(i), until the conclusion of the criminal case against defendant Tang in Case No. 2:08-CR-0342-MCE, at which time the parties will advise the Court whether a further stay is necessary.

Dated: March 17, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE